IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY RICE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0202 |
| | : | |
| INMATE ACCOUNT, *et al.* | : | |
|     Defendants. | : | |

## MEMORANDUM

HODGE, J.                                                                                                          MARCH   6, 2024

      Plaintiff Timothy Rice, a prisoner incarcerated at SCI Phoenix, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that more than eight million dollars has been "stolen" from his inmate account.  (Compl. (ECF No. 1) at 3.)¹  Rice has filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) and Prisoner Trust Fund Account Statement (ECF No. 3).  He also seeks the appointment of counsel.  (ECF No. 5.)  Because it appears that Rice cannot afford to pre-pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, the Court will dismiss Rice's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and deny his motion to appoint counsel.

**I.**     **FACTUAL ALLEGATIONS**

      The gist of Rice's claims is that "[e]ight million and twenty thousand were [sic] stolen from [his] inmate account."  (Compl. at 3, 5.)  More specifically, Rice alleges that the deposit of a certified check to his inmate account in the amount of "eight dollar and two cent [sic] . . . is Hogwash and Inmate account is skimming funds from [him]." (*Id.* at 4.)  Rice contends that he was to receive a "certify [sic] check [No.] 12075 from Sam Ash Mus[ic] Coporation [sic] on

---

¹ The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

November 7, 2023" in the amount of "Eight million and twenty Thousand donated from other [unintelligible] who seen [his] story of police corruption on the Internet of Instigram [sic]." (*Id.*) Rice avers that the certified check reached the business office at SCI Phoenix and he received a "cashier transaction receipt," but the funds from the certified check were never deposited into his inmate account. (*Id.* at 4-5.)

Rice asserts "theft by deception" and a violation of his rights under the Eighth Amendment. (*Id.* at 3, 5.) He alleges "cruel and unusual punishment" and contends that the funds in question "were unlawfully stolen at the behest" of Defendants. (*Id.* at 5.) Rice avers that he has suffered, *inter alia*, mental injuries, headaches, stress, and loss of sleep as a result of Defendants' actions. (*Id.*) He seeks monetary damages. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Rice leave to proceed *in forma pauperis* because it appears he is not able to pre-pay the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it fails to state a claim or is frivolous. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted), *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

---

[2] However, as Rice is currently incarcerated, he will be obligated to pay the full amount of the filing fee in installments as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

"'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Rice is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

**III.   DISCUSSION**

As noted above, the Complaint reflects Rice's intention to raise civil rights claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against

3

state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Rice contends that the Defendants have stolen millions of dollars from him by somehow intercepting a certified check from Sam Ash Music Corporation that was intended to compensate him for his "story of police corruption" on Instagram. (Compl. at 4.) Rice's allegations appear fanciful and, to the extent his claims are based on them, they are factually frivolous and can be dismissed on that basis.

Assuming that Rice's factual allegations are credible, the Court cannot discern any legal basis for his constitutional claims. Liberally construing the Complaint, the allegations are best understood as asserting a deprivation of property claim in violation of the Fourteenth Amendment.[3] Under the Fourteenth Amendment, an inmate has a protected property interest in the funds held in his inmate account. *See Hale v. Beard*, 168 F. App'x 532, 534 (3d Cir. 2006) (*per curiam*) (citing *Higgins v. Beyer*, 293 F.3d 683, 693 (3d Cir. 2002); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000)); *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997) (holding that an inmate is "entitled to due process with respect to any deprivation of this money."). However, "due process 'is flexible and calls for such procedural protections as

---

[3] Rice cites the Eighth Amendment as a basis for his claims, asserting "cruel and unusual punishment and dileberate indiffrence [sic] on each [sic] Defendants." (Compl. at 3.) There is no basis for an Eighth Amendment claim here, and passing references are not sufficient to raise plausible claims. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

the particular situation demands[,]'" *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 12 (1979) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)), in order "to minimize the risk of erroneous decisions." *Id.* at 13. Moreover, even if a state actor intentionally or negligently deprives an inmate of such funds, "that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available." *Monroe v. Beard,* 536 F.3d 198, 210 (3d Cir. 2008) (citing *Hudson v. Palmer,* 468 U.S. 517, 530-36 (1984)). Adequate post-deprivation remedies include the ability to file a state tort action or use of the prison's grievance process. *See Tapp v. Proto,* 404 Fed. App'x 563, 567 (3d Cir. 2010); *Austin v. Lehman,* 893 F. Supp. 448, 454 (E.D. Pa. 1995) (both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies). Accordingly, whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief through a civil rights complaint if he has adequate alternative remedies.

Although there is no indication that he sought to bring an action in state court, Rice concedes that he utilized the grievance procedure at SCI Phoenix to contest the stolen funds and to have those funds deposited into to his inmate account prior to filing this action.[4] (Compl. at 7-8.) Thus, Rice was provided with all the process to which he was entitled with respect to the alleged missing funds. The fact that Rice is dissatisfied with the outcome of the grievance procedure does not equate to a denial of due process. *See Austin*, 893 F. Supp. at 454 n. 4 ("Of

---

[4] To the extent Rice asserts a claim against any of the Defendants based on their role in the prison grievance process, those claims are also implausible and subject to dismissal. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*).

course, that Plaintiff did not prevail in [the prison internal grievance review procedure] in no way affects the procedure's adequacy as a post-deprivation remedy.") Accordingly, any due process claim based on the alleged misappropriation of funds from Rice's inmate account is subject to dismissal with prejudice. *Accord Johnson v. Wetzel*, No. 17-0364, 2019 WL 1282603, at *7 (M.D. Pa. Mar. 20, 2019) (dismissing unauthorized deduction due process claim with prejudice where prison grievance procedure provided adequate post deprivation procedure).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Rice leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Leave to amend will not be given as any attempt to amend would be futile.[5] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Rice's motion to appoint counsel is denied. An appropriate Order follows.

**BY THE COURT:**

**KELLEY BRISBON HODGE, J.**

---

[5] The Court has thoroughly reviewed Rice's Complaint and cannot discern any other plausible basis for a non-frivolous claim within the Court's jurisdiction upon which he could move forward. *See, e.g., Ackerman v. Mercy Behav. Health*, 621 F. App'x 711, 714 (3d Cir. 2015) (affirming dismissal because "there is no logical construction of the complaint from which to derive a legal claim for which relief is available in federal court").